UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER COUSINO,

    Petitioner,

                                                         Case No. 11-11813

v.

                                                         Honorable Patrick J. Duggan

CINDI CURTIN,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION TO
STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE**

On April 20, 2011, Christopher Cousino ("Petitioner"), a state prisoner currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2009, Petitioner pleaded no contest to second-degree murder, Michigan Compiled Laws § 750.315, in Genesee County Circuit Court and was sentenced as a second habitual offender to a term of imprisonment for 125 months to 25 years. Petitioner challenges the validity of his plea and the effectiveness of trial counsel. Before the Court is Petitioner's motion to stay these proceedings and hold his petition in abeyance so that he may return to the state courts to fully exhaust these claims and possibly raise additional claims. For the reasons stated below, the Court denies Petitioner's motion.

**I. Background**

Petitioner's conviction arises from the death of his roommate following a physical

altercation at their home in 2008. Following his plea and sentencing, Petitioner filed a motion to withdraw his plea with the trial court, which was denied. Petitioner also filed a delayed application for leave to appeal with the Michigan Court of Appeals, asserting that his plea was not knowing and voluntary and that his trial counsel was ineffective. The Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Cousino*, No. 295921 (Mich. Ct. App. Mar. 23, 2010) (unpublished). The Michigan Supreme Court also denied leave to appeal. *People v. Cousino*, 488 Mich. 854, 787 N.W.2d 494 (Mich. 2010). Petitioner filed a supplemental brief with the Michigan Court of Appeals raising additional claims, which was treated as another delayed application for leave to appeal. The Michigan Court of Appeals again denied leave to appeal for lack of merit in the grounds presented. *People v. Cousino*, No. 296539 (Mich. Ct. App. July 26, 2010) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was again denied. *People v. Cousino*, 488 Mich. 995, 791 N.W.2d 442 (Mich. 2010).

Petitioner filed his federal habeas petition on April 20, 2011. Respondent has not yet filed an answer to the petition or the state court record.

## II. Discussion

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845, 119 S. Ct. at 1732. To satisfy this requirement, the

claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A federal court may stay a habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 1535 (2005).

Petitioner has not shown the need for a stay in this case. First, although he claims that his current petition is a "mixed petition" containing both exhausted and unexhausted claims, he has not identified which claims are exhausted and which are not.

Second, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a concern. The one-year period does not begin to run until 90 days after the conclusion of direct appeal. *See Jimenez v. Quarterman*, 555 U.S. 113, ---, 129 S. Ct. 681, 685 (2009) (conviction becomes final when "the time for filing a

3

certiorari petition expires"); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The Michigan Supreme Court denied Petitioner leave to appeal (as to his supplemental claims) on December 20, 2010, and the time for seeking a writ of certiorari from the United States Supreme Court expired 90 days later, on or about March 20, 2011. Petitioner dated his federal habeas petition April 20, 2011. Thus, Petitioner instituted this action after only one month of the one-year period had run. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 2129 (2001), such time may be equitably tolled so long as Petitioner diligently pursues his rights in state court. *Holland v. Florida*, --- U.S. ----, 130 S. Ct. 2549, 2562 (2010). The one-year period is also tolled during the time in which any properly filed state post-conviction or collateral actions are proceeding. 28 U.S.C. § 2244(d)(2). Petitioner therefore has sufficient time to fully exhaust his claims in the state courts and return to federal court should he wish to do so.

Finally, while there is no evidence of intentional delay, Petitioner has not shown good cause for failing to fully exhaust his claims in the state courts before seeking federal habeas relief. Given such circumstances, a stay is unwarranted.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Petitioner's motion to stay these proceedings and hold his petition in abeyance is **DENIED**. Should Petitioner wish to have the Court dismiss the present petition so that he may fully exhaust his claims or pursue additional claims in the state courts, he may move for non-prejudicial dismissal of his petition within **30 days** of

the date of this Opinion and Order. If Petitioner does not do so, the Court shall await an answer from Respondent and proceed on the claims contained in the pending petition.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Dated: July 7, 2011

Copies to:

Christopher Cousino, #310603
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI 49660