UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER COUSINO,

    Petitioner,

                                                   Case No. 11-11813

v.

                                                   Honorable Patrick J. Duggan

CINDI CURTIN,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR DISCOVERY AND APPOINTMENT OF COUNSEL**

Christopher Cousino ("Petitioner"), a state prisoner currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2009, Petitioner pleaded no contest to second-degree murder, Michigan Compiled Laws § 750.317, in the Genesee County Circuit Court and was sentenced as a second habitual offender to 125 months to 25 years imprisonment. Petitioner's conviction arises from the death of his roommate following a physical altercation at their home in 2008. In his habeas pleadings, Petitioner raises claims concerning the validity of his plea and the effectiveness of his trial counsel. This matter is before the Court on Petitioner's motions for discovery and for appointment of counsel, filed with the Court on September 30, 2011.

Petitioner seeks leave of court to conduct discovery, specifically to uncover further information concerning the victim's physical condition and medical treatment. "A habeas

petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796-97 (1997).  Rule 6 of the Rules Governing Section 2254 Cases provides that the court may authorize discovery upon a showing of good cause, but Petitioner has not made such a showing.  His motion suggests that evidence of the victim's physical condition and medical care will establish that the victim's death resulted from improper medical treatment or injuries sustained in an unrelated fight.  By entering his plea, however, Petitioner waived challenges relating to prior deprivations of constitutional rights; he may now attack only the intelligent and voluntary nature of the plea.  *See Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608 (1973).  The evidence sought by Petitioner fails to address the intelligent and voluntary nature of his plea.  Furthermore, the United States Supreme Court has made clear that habeas review under 28 U.S.C. § 2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, --- U.S. ----, 131 S. Ct. 1388, 1398 (2011).  Consequently, Petitioner appears to be precluded from introducing information into these proceedings which was not considered by the state court.  His request for discovery shall therefore be denied.

     Petitioner also seeks appointment of counsel, claiming that he cannot afford counsel, that the issues in this case are complex, and that he has limited legal knowledge and access to legal materials.  Petitioner, however, has no absolute right to be represented by counsel on federal habeas corpus review.  *See Abdur-Rahman v. Mich. Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995).  "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right.'"  *Childs v. Pellegrin*,

2

822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). As noted, Petitioner has submitted his petition in support of his claims, and neither an evidentiary hearing nor discovery are necessary at this time. The Court concludes that the interests of justice do not require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Petitioner's request for counsel shall therefore be denied.

Accordingly,

**IT IS ORDERED** that Petitioner's motions for discovery and for appointment of counsel are **DENIED**. The Court will bear in mind Petitioner's requests if, upon further review of the pleadings and the state court record, the Court determines that appointment of counsel or discovery are necessary. Petitioner need not file additional motions.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Dated: December 8, 2011

Copies to:

Christopher Cousino, #310603
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI 49660

David H. Goodkin, A.A.G.