UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER D. COUSINO,

        Petitioner,

v.

        Case No. 2:11-CV-11813
        Honorable Patrick J. Duggan

CINDI CURTIN,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL, DISCOVERY, PARTIAL SUMMARY JUDGMENT, EVIDENTIARY HEARING, EXPANSION OF RECORD, AND PRODUCTION OF DOCUMENTS

**I.    Introduction**

Michigan prisoner Christopher Cousino ("Petitioner") has filed a *pro se* petition for a writ of habeas case pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner's plea-based conviction arises from the death of his roommate following a physical altercation at their home in 2008. Petitioner pleaded no contest to second-degree murder, MICH. COMP. LAWS § 750.315, in the Genesee County Circuit Court and was sentenced to 125 months to 25 years imprisonment in 2009. In his habeas pleadings, Petitioner raises claims concerning the validity of his plea and the effectiveness of trial counsel. The matter is before the Court on Petitioner's motions for appointment of counsel, discovery, partial summary

judgment, evidentiary hearing, expansion of the record, and production of documents, interrogatories, and request for admissions.

## II. Discussion

### A. Appointment of Counsel (ECF Nos. 19, 24)

Petitioner seeks appointment of counsel claiming that he cannot afford counsel, that the issues in this case are complex, and that he has limited legal knowledge and access to legal materials. Petitioner, however, has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Mich. Dept. of Corrs.*, 65 F.3d 489, 492 (6th Cir. 1995). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). As noted, Petitioner has submitted his petition in support of his claims and Respondent has filed an answer and the state court record. Neither discovery nor an evidentiary hearing are warranted, *see* discussion *infra*, and the interests of justice do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). Petitioner's requests for appointment of counsel shall therefore be denied.

### B. Discovery (ECF Nos. 20, 25, 31)

Petitioner seeks discovery in this case, claiming that material and exculpatory

evidence was not disclosed to him during his state criminal proceedings.[1] "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796-97 (1997). A federal habeas court may authorize a party to conduct discovery upon a showing of good cause. Rule 6(a) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown that the information he seeks is necessary for the disposition of this case. His habeas claims concern the voluntariness of his plea and the effectiveness of defense counsel, and the state courts denied relief on those claims. Respondent has submitted all transcripts and documents relevant to the determination of the petition as required by Rule 5 of the Rules Governing Section 2254 Cases. No further information is required for the Court to decide the case. In fact, the Supreme Court of the United States has made clear that federal habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011). Consequently, Petitioner is precluded from injecting information that was not presented to the state courts into the present

---

[1] Petitioner does not identify the suppressed evidence in his motion. Given his other pleadings, he is presumably referring to information about the victim's medical condition and/or preliminary examination witness James Padgett's credibility.

proceeding.² His requests for discovery shall thus be denied.

## C. Partial Summary Judgment (ECF Nos. 21, 28, 29)

Petitioner also seeks partial summary judgment on his claim that defense counsel was ineffective for failing to file motions, particularly a motion to suppress James Padgett's preliminary examination testimony. Petitioner seeks summary judgment based upon the merits of the issue, as well as Respondent's alleged failure to respond to the claim.

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper:

> If the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Although the parties have submitted their pleadings and the state court record, the Court is in the process of reviewing those materials in detail. Based upon an initial consideration of the pleadings and the state court record, the Court cannot conclude that there is no genuine issue of material fact or that Petitioner is entitled to judgment as a matter of law. Furthermore, a default judgment (based

---

² To the extent that Petitioner asserts that the prosecution suppressed evidence and seeks to discover information (or have a hearing) relative to that issue, he cannot do so in this proceeding because he has not exhausted such suppression of evidence claims in the state courts before proceeding on federal habeas review.

4

upon a failure to respond) is unavailable in a federal habeas proceeding. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). Petitioner's requests for partial summary judgment shall therefore be denied. The Court will address the merits of the case in a forthcoming opinion.

        D.     <u>Evidentiary Hearing (ECF Nos. 22, 27)</u>

Petitioner requests an evidentiary hearing on his claims that his plea was involuntary because he was on medication (Vicodin) at the time of his plea and defense counsel was ineffective for not raising this issue. He further requests an evidentiary hearing on matters related to preliminary examination witness James Padgett's credibility.

> The federal habeas rules provide, in pertinent part:
>
> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Rule 8 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Having reviewed the record, the Court finds that an evidentiary hearing is not required at this time. It appears that Petitioner's current habeas claims can be decided based upon the existing record before the Court. *See Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940 (2007). Furthermore, *Cullen* limits the Court's review of claims adjudicated by the state courts to the factual record before the state courts. *See, e.g.,*

*Hanna v. Ishee*, 694 F.3d 596, 606 (6th Cir. 2012) (stating that even if a court conducted an evidentiary hearing on a claim adjudicated by the state court, it would have to "disregard newly obtained evidence"); *Keeling v. Warden*, 673 F.3d 452, 464-65 (6th Cir. 2012) (affirming denial of evidentiary hearing); *King v. Booker*, No. 2:11-CV-13676, 2012 WL 3597655, *1 (E.D. Mich. Aug. 21, 2012) (unpublished) (denying evidentiary hearing request based upon *Cullen*); *accord Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) (ruling that district court erred in conducting evidentiary hearing and relying upon evidence from that hearing); *Atkins v. Clarke*, 642 F.3d 47, 48 (1st Cir. 2011) (rejecting appeal from denial of habeas evidentiary hearing request).

Additionally, Petitioner fails to establish that an evidentiary hearing is warranted under 28 U.S.C. § 2254(e)(2), which only applies to claims that have not been adjudicated on the merits in the state courts. *Keeling*, 673 F.3d at 464. That provision states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

6

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Petitioner makes no such showing. He is also not entitled to an evidentiary hearing on any new claims, such as suppression of evidence, which have not previously been exhausted in the state courts. Petitioner's requests for an evidentiary hearing shall therefore be denied.

> E. Expansion of Record & Production of Documents (ECF Nos. 26, 30)

Petitioner seeks to expand the record to include various materials, including documents concerning James Padgett's plea deal and credibility, affidavits from Petitioner's mother and other individuals, a 2012 newsletter, and a letter from Werner Spitz. Petitioner also seeks the production of all documents from James Padgett's criminal proceedings and that of Padgett's co-defendants. As noted, Respondent has filed all transcripts and documents relevant to the determination of the habeas petition as required by Rule 5. The Court may require that the record be expanded to include additional materials relevant to the determination of the habeas petition, *see* Rule 7 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, but again federal habeas review is generally limited to the record that was before the state court. *Cullen*, 131 S. Ct. at 1398. To the extent that Petitioner seeks to add materials that are already part of the state court record, his requests are unnecessary. To the extent that

he seeks to add materials that are new and were not part of the state court record, he may not do so because the Court's review is limited to the state court record on claims adjudicated by the state court. *See, e.g., Kirby v. Attorney General ex rel. New Mexico*, No. 11-2082, 2011 WL 4346849, *11 (10th Cir. Sept. 19, 2011) (denying requests for expansion of the record and evidentiary hearing based upon *Cullen*). Petitioner's requests for expansion of the record and the production of documents shall thus be denied.

### III. Conclusion

Accordingly, for the reasons stated, the Court **DENIES** Petitioner's motions for appointment of counsel, discovery, partial summary judgment, evidentiary hearing, expansion of the record, and the production of documents. Should the Court determine, upon further review of this case, that the appointment of counsel, further information, or an evidentiary hearing is required for the proper resolution of this matter, it will enter an appropriate order. Petitioner need not file additional motions in this case.

**IT IS SO ORDERED.**

Dated: September 30, 2013

                                         s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:

**Christopher Cousino**, #310603
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788


**David H. Goodkin, A.A.G.**